IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-11264
Summary Calendar

STEVIE ANDRE ROBERSON

Plaintiff-Appellant

v.

DHIRAJLAL PATEL, DR; F BAXTER, Medical Administrator; DENISE
DESHIELDS, Medical Director; TIMOTHY SIMMONS, Warden; KAREN
JONES, Correctional Officer

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-286

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Stevie Andre Roberson, Texas prisoner # 1222812, appeals the dismissal of his 42 U.S.C. § 1983 action in which he alleged the defendants acted with deliberate indifference to his serious medical needs.

Roberson maintains the district court erred in denying his claim that Dr. Patel acted with deliberate indifference in that he: delayed providing treatment for Roberson's broken toe; continued the same treatment despite Roberson's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaints of pain; and was not competent to treat Roberson's medical problems. Roberson has not shown the district court erred in denying his claims against Dr. Patel.

Roberson did not establish that his April 2005 sick call requests or grievances provided Dr. Patel notice of his complaint of a broken toe. Dr. Patel examined Roberson's feet in May 2005, and found no swelling, no deformities, some loss of range of motion, no pain or tenderness, no redness or warmth; although Roberson complained of a knot on his toe, there was no indication he complained of a broken toe at that appointment.

Roberson first complained of a broken toe to Dr. Patel in an examination on 23 June 2005. At that time, Dr. Patel observed no swelling, no deformity, no redness or warmth, no tenderness, full range of motion at the metatarsal carpal joint, no pain, and felt no mass; he ordered an X-ray of the toe. Thus, Roberson's medical records show Dr. Patel did not act with deliberate indifference to Roberson's serious medical needs. See Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Roberson contends that Correctional Officer Jones acted with deliberate indifference by failing to issue wider boots to Roberson, as ordered by Dr. Patel. The medical records and grievances show that Dr. Patel did not issue a prescription for wider boots, but rather referred Roberson to Officer Jones' office to have his feet measured. Roberson's allegations indicate that, at most, Officer Jones was negligent in measuring his feet and not providing wider boots. Acts of negligence do not constitute deliberate indifference. See Domino, 239 F.3d at 756; see also Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Therefore, the judgment is AFFIRMED. Roberson's motion for en banc hearing is DENIED.